**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>STEVEN KYLE DUDLEY,<br><br>     Defendant. | Case No. CR-22-006-RAW |

**ORDER**

The Defendant has been charged in this case with a single count indictment alleging Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. § 2241(c), 2246(D), 1151, and 1153.  Now before the court is the Defendant's omnibus motion in limine [Docket No. 82], the Government's response thereto [Docket No. 88], and the Defendant's reply [Docket No. 103].

The Defendant first seeks exclusion of (1) his status as a victim of childhood sexual abuse, (2) his son's accusations of sexual abuse by another perpetrator, (3) his ex-wife's belief that he molested all three of his children, and (4) his ex-wife's belief that he used her phone to text pictures of her vagina to a friend.  The Defendant notes and the Government confirms that the Government will not seek to admit this evidence.  The motion, therefore, is moot as to this evidence.

The Defendant also seeks exclusion of his comment to the alleged victim in his case, M.K., about playing with slime.  The Defendant asked then ten-year-old M.K. if playing with slime was helping her deal with her stress.  When she responded that it was not helping, he asked

her if she had ever tried touching herself to help relieve her stress.  The Defendant maintains that this comment is inadmissible propensity evidence under Rule 404(b)(1), arguing that the Government seeks to introduce the statement to show that because he made this inappropriate comment in the past, it is more probable that he inappropriately touched M.K.

The court does not agree.  As the Government argues, this admission made by the Defendant is admissible under Rule 801(d)(2) and is *res gestae* to the charged sexual abuse.  The Defendant's statements are not a separate bad act, but instead are inextricably intertwined with the charged abuse.  When applying Rule 404(b), the court distinguishes "between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citations omitted).  "Evidence of other acts may be inadmissible under Federal Rule of Evidence 404(b), but this rule does not cover evidence that is considered 'intrinsic.'" *Id*. (citation omitted).

The evidence at issue here is intrinsic, as it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *Id*. That the Defendant told M.K. to touch herself is "evidence essential to the context of the crime." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020).  Accordingly, the Defendant's motion is denied.

The Defendant's omnibus motion in limine is moot in part and denied in part as stated above.

**IT IS SO ORDERED** this 8th day of December, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

2