# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN KYLE DUDLEY,<br><br>    Defendant. | Case No. CR-22-006-RAW |

## ORDER

    The Defendant has been charged in this case with a single count indictment alleging Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. § 2241(c), 2246(D), 1151, and 1153.

**I.    Defense Expert**

    Now before the court is the Government's objection to the Defendant's notice of expert witness, Dr. Bradley McAuliff [Docket No. 89] and the Defendant's response thereto [Docket No. 102].[1] The Defendant intends to call Dr. McAuliff to testify about witness suggestibility and forensic interviews, as well as about his conclusions based on his review of the discovery in this case. The Government requests that the court preclude Dr. McAuliff from testifying, arguing that his testimony as it pertains to his conclusions from his review of the discovery in this case is not proper under Rule 702 and would invade the province of the jury, as it amounts to opinions on the credibility of the Government's witnesses.

---

[1] The notice of intent to offer expert testimony of Dr. Bradley McAuliff is at Docket No. 80, and the supplement stating that Dr. McAuliff is also offered to rebut the Government's proposed expert Kelsey Blevins is at Docket No. 104.

It is well settled that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony." *United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014) (citation omitted). "Such testimony: (1) usurps a critical function of the jury; (2) is not helpful to the jury, which can make its own determination of credibility; and (3) when provided by impressively qualified experts on the credibility of other witnesses is prejudicial and unduly influences the jury." *Id*. (citation and internal quotations omitted).

Courts routinely allow both defense and prosecution experts to testify regarding forensic interviews and suggestibility generally, but do not allow them to opine on the particular facts of the case, as "assessing the reliability or credibility of a victim's accusations is the exclusive function of the jury." *See United States v. Rouse*, 111 F.3d 561, 571 (8th Cir. 1997); see also *Otero v. Diaz*, No. 2:19cv00381 MCE KJN P, 2020 WL 7406517, at *5 (E.D. Cal. Dec. 17, 2020) (recognizing that since the line between the impermissible and permissible uses of such expert testimony is "by no means a bright one, the better practice is to limit the expert's testimony to observations concerning the behavior of abused children as a class and to avoid testimony which recites either the facts of the case at trial or obviously similar facts." (citation and internal quotations omitted)). Moreover, such testimony may be excluded where it is not "based upon either the facts within the expert's knowledge or other facts admitted in evidence." *Barlow v. State*, 507 S.E.2d 416, 418 (Ga. 1998).

The Government's objection is overruled in part and sustained in part. Dr. McAuliff may testify regarding witness suggestibility and forensic interviews *generally*, including factors that impact witness suggestibility and the appropriate protocols and techniques that should be employed in forensic interviews of children. He may also testify as to whether the appropriate protocols and techniques were used in this case. Dr. McAuliff may not testify as to his

conclusions based on his review of the discovery in this case, including the credibility or veracity of any statements made by the alleged victim or other witnesses in this case.

## II.     Government's Expert

Also before the court is the Defendant's objection to the Government's notice of expert witness, Kelsey Blevins [Docket No. 105] and the Government's response thereto [Docket No. 111].[2] The Government notice states that it intends to call Ms. Blevins to testify about victim disclosure, children's memories, victim characteristics, and victim selection.  She will not offer any opinions about the credibility or truthfulness of any witness in this case.

The Defendant objects to any testimony by Ms. Blevins about child sex offender behavior or victim selection.  The Government has no objection to limiting her testimony in this way. This issue is thus moot.[3]  The Defendant also requests that Ms. Blevins' testimony be limited to her personal experience conducting forensic interviews, arguing that the expert notice did not include any scientific articles or research upon which she relies.  The Government argues that her training is as much a part of her basis of expertise as is her experience conducting interviews. The Government's supplemental notice filed the same day as the Defendant's objection cites to scientific articles and research upon which Ms. Blevins relies to form the basis for her expertise. Docket No. 107, at 4-5.  This objection is overruled.  Ms. Blevins' testimony will not be limited to her personal experience conducting forensic interviews.

---

[2] The notice of intent to offer expert testimony of Kelsey Blevins is at Docket No. 75, and the Government's supplemental notice is at Docket No. 107.

[3] The Government notes that Ms. Blevins will testify about the effect of an offender being within the home of the victim, techniques an offender may use to isolate, coerce, and control the victim, and the effect of an offender's position of authority or position within the family on a victim's ability to disclose.

### III. Summary

The Government's objection is overruled in part and sustained in part. The Defendant's objection is moot in part and overruled in part.

**IT IS SO ORDERED** this 6th day of February, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**